EUGENE HAM, Respondent, *v.* THE NEWBURGH, DUTCHESS AND CON-
NECTICUT RAILROAD COMPANY, Appellant.

*Railroads — cattle guards — bridge.*

A railroad bridge over a stream, on the side of a highway at a railway crossing,
some forty feet long and six feet above the water, having a top consisting of
ties seven inches wide and six inches apart, is not such a cattle guard as rail-
road companies are required to maintain at the crossing, by the railroad, of a
highway.

APPEAL by the defendant, the Newburgh, Dutchess and Con-
necticut Railroad Company, from a judgment of the Supreme
Court in favor of the plaintiff, rendered at the Dutchess County
Special Term on a trial by the court without a jury, and entered in
the office of the clerk of Dutchess county on the 26th day of
October, 1892.

The action was brought to recover damages for a horse belonging
to the plaintiff, killed through injuries received in entering upon
the defendant's railroad track from a highway at a point where it
was alleged the defendant negligently failed to construct and main-
tain a cattle guard.

The evidence tended to show that the plaintiff was a farmer, and
that the railroad crossed a highway on his land ; that his fences were
in good fair order ; that one of his horses got out of the pasture
and wandered from the highway on to a railroad bridge, and pro-
ceeded about ten feet along the bridge, and then fell off. The defend-
ant did not maintain a technical cattle guard at this point, but
claimed that the bridge constituted a sufficient guard. This bridge
was over a stream at the side of the highway crossing ; it commenced
in the highway, and extended about forty feet therefrom ; the top
of the bridge was about six feet above the water, and was composed
of ties seven inches wide and six inches apart, so that on the top
the bridge presented a level surface.

The trial court found that the defendant had never constructed
or maintained a cattle guard on its track at the highway crossing as
required by law ; that the injury which resulted in the death of the
plaintiff's horse was caused by the negligence of the defendant in
neglecting to construct and maintain a cattle guard as required by

HUN — VOL. LXIX.     18

law ; and that the plaintiff was in no way guilty of contributory negligence ; and decided, as matter of law; that the plaintiff was entitled to judgment for $250, with interest and costs.

*W. S. Eno* and *Milton A. Fowler*, for the appellant.

*Hackett & Williams*, for the respondent.

PRATT, J. :

The structure which defendants call a cattle guard was in no sense such a one as their duty required. Cattle were more likely to be enticed upon the track than to be turned back. Had a proper guard been constructed, the accident would not have taken place. The duty which the company violated was one owing to the public. Any person injured can recover his damages.

The judgment must be affirmed, with costs.

DYKMAN, J., concurred ; BARNARD, P. J., not sitting.

Judgment and order denying new trial affirmed, with costs.